### STENKOWSKI et v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8896, 8897, 8898. Decided Apr. 23, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**CRIMINAL LAW.**

(190 R4) On prosecution for robbery, evidence, though conflicting, held sufficient to establish the fact of robbery.

(190 C) On a prosecution for robbery wherein there was evidence that the accused was too intoxicated to form an intent, a charge as to intention, although the evidence is conflicting, is justified.

(190 D2) Evidence of intoxication of one accused of robbery is properly submitted to the jury.

(190 C3) An unsigned written confession of details of robbery not unduly used to procure confessions of co-defendants.

Error to Common Pleas.
Judgment affirmed.

David Kammer, Cleveland, for Stenkowski.
E. C. Stanton, Cleveland, for State.

### STATEMENT OF FACTS.

The indictment charged that on October 6, 1927, one Frank Colta was held up and robbed by four men of $6.00 at about 10:30 P. M., while on his way home from an engagement and on seeing four men standing on a certain corner within the City of Cleveland, he changed his course temporarily and pretending that his home was in a dwelling nearby, entered the yard for the purpose of escaping further notice from the men standing on the corner.

It appears from credible evidence that the defendants followed him up, and to defend himself, he took out a knife and left marks of stabbing on the defendants so that it is conclusively settled that the defendants were properly located at the time of the alleged robbery.

SULLIVAN, PJ.

It is claimed that just prior to the assault upon the prosecuting witness, that he had $6.00 in his pocket which he discovered missing immediately upon the consumation of the assault, and charged in his testimony that he was robbed of the money during the fracas, and while the evidence is conflicting upon the question, there appears to be credible evidence that was submitted to the jury for its determination as to this particular fact, in order to distinguish the case from a violation of the statute for assault with intent to rob. The fight is admitted and the robbery is denied and it is claimed that the defendants were in such an intoxicated condition that they were unable to remember just exactly what did take place and that the intoxication was to such a degree that they were unable to form any intention which is necesary under the indictment

which properly charges the intention, and the circumstances detailed at the trial furnished substantial proof even though there is a conflict that justified the charge of intention which was submitted under proper instruction by the court to the jury.

The question of intoxication was properly submitted to the jury and by its verdict they determined that the state of mind of the defendants was such that they knew the difference between right and wrong and were capable of forming an intention that was necessary to commit the act charged, so that upon this point the reviewing court cannot meddle.

It is claimed that one of the defendants, Charles Bilek made a written confession that was unsigned and that this confession was used as an inducement to get the confessions which were obtained under the record in the case, from the remaining defendants but there was a conflict upon this point and we do not think the court committed any error because in the interviews had with defendants, the contents of the statement of Bilek, unsigned, were made known to the other defendants and was only used as a basis of discussion as to the guilt or innocence of the accused, and it appearing that there is credible evidence in the record that proper warning and instructions as to guilty admissions were made by the parties interviewing the defendants, and further that the statement of Bilek was offered in evidence by the defense instead of the State, the conclusion we reach is that there is no prejudicial error in this respect.

It appears from the argument of defendants' counsel, that they were told by the officers that Bilek had implicated them, and thereupon they denied knowledge of any robbery but admitted the fight and that they were all drinking. The exhibits known as the confessions were offered and became a part of the record under the finding of facts, but inasmuch as the officers denied any improper use of the Bilek statement as claimed by the defense, the jury under the instructions of the court given it, had the right to determine the facts under the instructions of the court as to the rule respecting evidence in criminal cases.

(Vickery and Levine, JJ., concur.)